Andrew B. Sommerman (TX Bar No. 11842150), *Admitted Pro Hac Vice*
SOMMERMAN, MCCAFFITY, QUESADA & GEISLER, LLP
3811 Turtle Creek Blvd., Suite 1400
Dallas, Texas 75219
Phone:      (214) 720-0720
Fax:        (214) 720-0184
Email:      Andrew@textrial.com

Counsel for Creditors Joel Vangheluwe and Jerome Vangheluwe

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
LOS ANGELES DIVISION**

| | | |
|---|---|---|
| In re:<br><br>GOT NEWS, LLC;<br><br>    Debtor. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:19-bk-14693-BR<br><br>Chapter 7<br><br>**CREDITORS' NOTICE OF AND MOTION FOR RULE 2004 EXAMINATION OF (1) DEBTOR GOT NEWS, LLC AND (2) CHARLES JOHNSON; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION**<br><br>[No Hearing Required Pursuant to LBR 2004-1]<br><br><u>Proposed Examination Date and Place</u><br>Date:    March 31, 2021<br>Time:   12:00 P.M., C.S.T.<br>Place:   Remotely |

**CREDITORS' NOTICE OF AND MOTION FOR RULE 2004 EXAMINATION OF (1)
DEBTOR GOT NEWS, LLC AND (2) CHARLES JOHNSON;
<u>MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION</u>**

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE

AND OTHER INTERESTED PARTIES:

PLEASE TAKE NOTICE that Joel Vangheluwe and Jerome Vangheluwe ("Creditors" or "Vangheluwes"), hereby submit this Motion (the "Motion") for entry of an order, pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 2004 and Local Bankruptcy Rule ("LBR") 2004-1, authoring counsel for the Vangheluwes to conduct an examination of (1) the Debtor and (2) Charles Johnson (the Managing Member of the Debtor)[1] remotely.

1. Counsel for the Vangheluwes seek a 2004 examination of the Debtor's representative, Charles Johnson.

2. Counsel for the Vangheluwes seek to discover information about the Debtor's assets and liabilities, financial records, and financial history. As such, the information is within the scope of a Rule 2004 examination.

3. The scope of the examination will be as permitted pursuant to Rule 2004(b) of the FRBP. The proposed examination cannot proceed under Rules 7030 and 9014 of the FRBP because no adversary proceeding or contested proceeding is currently and actively pending between the Debtor and the Vangheluwes.

4. The Vangheluwes, through the counsel, have attempted to comply with LBR 2004-1(a) by coordinating with counsel for the Trustee, whom the Vangheluwes understood was agreeable to a 2004 examination and would work with counsel for the Debtor Got News, LLC to obtain potential dates. Follow-up emails were sent by the undersigned's office on July 16, 2020; August 3, 2020, and September 2, 2020. On January 4, 2021, Counsel for the Trustee stated he

---

[1] Charles Johnson signed the Petition for Bankruptcy as the Managing Member of Debtor. [Doc. 1]. Upon information and belief, he was and is the only member of Debtor.

was not taking a position regarding the Rule 2004 Examination. Counsel for Got News, LLC stated his firm "does not represent Got News in connection with [the] request for a Rule 2004 Exam." On January 6, 2021, Counsel for Got News, LLC stated "I don't have authority to provide [Charles Johnson's] contact information."

PLEASE TAKE FURTHER NOTICE that pursuant to LBR 2004-1, the Court may grant the Motion without a hearing.

The examination is being conducted on a date not less than twenty-one (21) days after the date of service of the Motion. The Vangheluwes reserve the right to seek further document production or examination following these examinations.

PLEASE TAKE FURTHER NOTICE that, if grounds exist under Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure, the Debtor may object to the oral examination by filing a motion for protective order with the Clerk of the Bankruptcy Court and servicing such motion on the United States Trustee, as well as counsel for the Trustee and counsel for the Creditors. Any motion for protective order must be filed and served not less than fourteen (14) calendar days before the proposed date of the oral examination and set for hearing not less than two (2) court days before the proposed date for the oral examination, unless an order shortening time is granted by the Court.

WHEREFORE, the Vangheluwes respectfully request that the Court enter an order:

(1) Granting the Motion in its entirety;

(2) Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

SOMMERMAN, MCCAFFITY,
QUESADA & GEISLER, L.L.P.


*/s/ Andrew B. Sommerman*
Andrew B. Sommerman
State Bar No. 11842150
Jody L. Rodenberg
State Bar No. 24073133
3811 Turtle Creek Blvd., Suite 1400
Dallas, TX   75219
214-720-0720 (Telephone)
214-720-0184 (Facsimile)
andrew@textrial.com
jrodenberg@textrial.com

*ATTORNEYS FOR CREDITORS JEROME VANGHELUWE AND JOEL VANGHELUWE*

## MEMORANDUM OF POINTS AND AUTHORITIES

COMES NOW Joel Vangheluwe and Jerome Vangheluwe ("Creditors" or "Vangheluwes"), and file this *Motion for Rule 2004 Examination of (1) Debtor Got News, LLC and (2) Charles Johnson* and in support thereof would respectfully show the Court as follows:

### I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1408.

### II.    RELEVANT FACTS

2.    The parties bringing this Motion are Jerome Vangheluwe and Joel Vangheluwe, a father and son, who reside in Michigan. Both are creditors in this bankruptcy proceeding. They both filed a lawsuit against Got News, LLC for defamation. They were falsely accused of assault, terrorism, conspiracies, murder, and racially charged violence.

3.    On August 12, 2017, the Vangheluwe family was hosting a wedding at their home for a family member. During that wedding, the Vangheluwes' social media, emails, and text messages became overwhelmed with messages and posts.

3.    Earlier that day, a terror attack occurred in Charlottesville, Virginia, when an individual drove his car through counter-protestors at a "Unite the Right" rally. One person was murdered, Heather Heyer, and others seriously injured. Debtor Got News, LLC and others used the Vangheluwes as political pawns, shifting the blame from alt-right extremists to an innocent 20-year-old boy who never owned or drove the car in question.

4.  Debtor GotNews, LLC, a self-proclaimed Alt-Right news outlet, published an article falsely naming twenty-year-old Michigan resident Joel Vangheluwe as the driver of the vehicle and the perpetrator of the terror attack.[2] At the time of the attack, Joel Vangheluwe was attending his cousin's wedding in another state. Debtor GotNews, LLC posted the names, photographs and personal information of Joel and his father Jerome Vangheluwe, incorporating various pieces of personal information about them.

5.  Others joined in, falsely claimed that Jerome Vangheluwe owned the vehicle at the time it ran down protestors in Charlottesville. They then linked Joel Vangheluwe's Facebook with a caption stating that Joel would receive the car when he was sixteen (which is not true). Joel Vangheluwe was falsely accused of being the perpetrator of the attack.

6.  Jerome Vangheluwe legally sold the vehicle in question years earlier. The vehicle was sold several more times before it came into the possession of the man accused of the crime.

7.  Debtor Got News, LLC attempted to convince readers that Joel had a political agenda when the terrorist attack on American soil occurred. Nothing could be further from the truth. The torrent of accusations against the Vangheluwes accomplished the over-arching goal of the alt-right media to distract their readers into believing the attack was made by someone other than a member of the alt-right movement. This was ultimately untrue, as just hours after the terror attack the actual suspect was apprehended by police and charged with second-degree murder, malicious wounding and failure to stop in an accident that resulted in death. He has been linked with alt-right groups.

---

2 A true and correct copy of the article is attached hereto as **Exhibit 1**.

8. The resulting flood of misinformation resulted in injury to both Joel and Jerome Vangheluwe. They received death threats and were urged by Michigan State Police to leave their home for fear of their safety. The injury to their reputations and business aspirations is astronomical. With no regard to the consequences, Debtor Got News, LLC branded Joel Vangheluwe a terrorist.

9. This Motion is filed to obtain discovery into the Debtors' assets, financial records, and financial history.

10. Debtor Got News, LLC filed Ch. 7 bankruptcy on April 24, 2019, after the Vangheluwes filed suit against Got News, LLC in Michigan.

11. The Vangheluwes seek a Rule 2004 examination of the Debtor and its only member, Charles Johnson, into its financial records and assets. The Vangheluwes, as creditors, are entitled to discovery of the Debtors' financial records and assets.

### III. LEGAL AUTHORITIES IN SUPPORT OF THE RELIEF REQUESTED

12. Federal Rule of Bankruptcy Procedure 2004 authorizes this Court, on motion of any party in interest, to order an examination of any entity to investigate a broad range of topics related to a chapter 7 bankruptcy case, including: - The debtor's acts, conduct, property, liabilities, or financial condition; - Any matter that may affect the administration of the debtor's estate; - The debtor's right to a discharge; - The operation of the debtor's business and the desirability of its continuance; - The source of any money or property the debtor has or will acquire for the consummating a plan and corresponding the consideration given or offered; and - Any other matter relevant to the case or to the formulation of a plan. FED. R. BANKR. P. 2004(b). An entity may be

compelled under Rule 2004 to attend and produce documents in the same manner as a witness at a hearing or trial pursuant to Rule 9016. *Id.*

13. Rule 2004 contemplates discovery exceeding what is permitted under the Federal Rules of Civil Procedure. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). And "[t]he broad scope of Rule 2004 is well recognized." *In re Lehman Bros., Inc.*, No. 08–01420, 2008 WL 5423214, at *3 (Bankr. S.D.N.Y. Nov. 26, 2008); *In re Handy Andy Home Improvement Ctrs., Inc.*, 199 B.R. 376, 380 (Bankr. N.D. Ill. 1996) ("Generally, a Rule 2004 examination is a broad 'fishing expedition' into a party's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate.").

14. The Creditors' requested relief is consistent with Rule 2004. It is imperative that they be allowed to fully explore the financial records and assets of the Debtor. The Creditors' request falls squarely within the express scope of Rule 2004 because it seeks to outline the whereabouts and nature of the Debtors' assets.

15. The Creditors request an oral examination of (1) Debtor Got News, LLC and (2) Charles Johnson conducted via videoconference or other remote means on March 31, 2021 (or at such other time as agreed by the parties).

16. The Creditors' counsel has attempted to confer with Counsel for Trustee concerning an agreeable time for the proposed examination.

17. The Creditors would request the Court order the deposition(s) to take place on March 31, 2021, or at such other time as agreed by the parties. If the parties are able to reach an agreed date, time and place for the deposition, the Creditors will file an amended certificate of conference

CREDITORS' NOTICE OF & MOTION FOR RULE 2004 EXAMINATION OF
 (1) DEBTOR GOT NEWS, LLC AND (2) CHARLES JOHNSON; MEMORANDUM OF
POINTS & AUTHORITIES; DECLARATION                                                                      Page 8

with that information to apprise the Court.

19.     The Creditors also reserve their right to see further document production following the initial examination.

## IV. NOTICE

19.     Notice of this Motion has been served upon the United States Trustee, the Debtor, the Trustee, and all parties who have consented to electronic service through the Bankruptcy Court's electronic notification system. Creditors submit that the notice provided is sufficient and appropriate under the circumstances and that no further notice is required. To the extent that this Court determines otherwise, Creditors request that further notice be waived, and that notice be limited to that already provided.

## V. COMPLIANCE WITH LOCAL BANKRUPTCY RULE 2004-1

20.     Local Bankruptcy Rule 2004-1(b) requires that the movant explain why the requested examination cannot proceed under Rule 7030 or 9014, which govern discovery in the context of adversary proceedings and contested matters, respectively. The Rule 2004 document production and examination requested herein cannot proceed under Rules 7030 or 9014 because there is currently no adversary proceeding or contested matter pending which implicates the information and documents sought by Creditors. Thus, discovery under Rule 7030 or 9014 is unavailable to the Creditors at this time.

21.     Local Bankruptcy Rule 2004-1 provides that, upon not less than twenty-one (21) days' notice of a Rule 2004 examination to parities in interest, the Court may approve a motion for Rule 2004 examination without a hearing. See Local Bankr. Rule 2004-1. The Trustee will

file this Motion and serve it at least twenty-one (21) days in advance of the date(s) scheduled for the document production and/or oral examination.

22.     Lastly, Local Bankruptcy Rule 2004-1 requires the movant disclose the place of residence and/or employment of the examinee.   Creditors are serving this Motion on counsel for the Debtor Got News, LLC, John N. Tedford, IV, Danning, Gill, Israel & Krasnoff, LLP, 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067-6006.   Creditors are also serving this Motion on counsel for the Trustee, Larry Simons, Law Offices of Larry D. Simons, 15545 Devonshire Ave., Ste. 110 Mission Hills, California 91345.

23.     Accordingly, the Trustee will be in compliance with the notice provisions of Local Bankruptcy Rule 2004-1.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Creditors pray that the requested relief herein be provided, and the Court permit the Creditors to take the oral examination of the Debtor and Charles Johnson as to the full scope of matters covered by Rule 2004 of the Federal Rules of Bankruptcy Procedure.

       Respectfully submitted,

       SOMMERMAN, MCCAFFITY,
       QUESADA & GEISLER, L.L.P.


        */s/ Andrew B. Sommerman*
       Andrew B. Sommerman
       State Bar No. 11842150
       Jody L. Rodenberg
       State Bar No. 24073133
       3811 Turtle Creek Blvd., Suite 1400
       Dallas, TX   75219
       214-720-0720 (Telephone)
       214-720-0184 (Facsimile)
       andrew@textrial.com
       jrodenberg@textrial.com

       *ATTORNEYS FOR JEROME VANGHELUWE*
       *AND JOEL VANGHELUWE*


## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the foregoing was served according to the Federal Rules of Bankruptcy Procedure via electronic notice through the Court's ECF system.


        */s/ Andrew B. Sommerman*
       Andrew B. Sommerman

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he spoke with counsel for the Trustee, Larry Simons, concerning the Creditors' request for a 2004 examination. The undersigned understood that Mr. Simons was agreeable to a 2004 examination and would work with counsel for the Debtor Got News, LLC to obtain potential dates. Follow-up emails were sent by the undersigned's office on July 16, 2020; August 3, 2020, and September 2, 2020. **Exhibit 2.**

A prior draft of this Motion was mailed to counsel for Debtor Got News, LLC and counsel for the Trustee, Larry Simons. Mr. Simons stated he was not taking a position on this request. **Exhibit 3.** Counsel for Debtor Got News, LLC stated he "does not represent Got News in connection with your request for a Rule 2004 Examination." **Exhibit 4.** In response to a request for current contact information to contact the Debtor directly, Counsel for Debtor Got News, LLC stated, "I don't have authority to provide his contact information." **Exhibit 4.**

                                                        */s/ Andrew B. Sommerman*
                                                        Andrew B. Sommerman

## DECLARATION OF ANDREW B. SOMMERMAN

I, Andrew B. Sommerman, hereby declare as follows:

1. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testified hereto.

2. I am an attorney and partner in the law firm of Sommerman, McCaffity, Quesada & Geisler, LLP in Dallas, Texas. I represent Jerome Vangheluwe and Joel Vangheluwe, who are creditors in this bankruptcy proceeding. I am licensed to practice law in Texas. I have been admitted *pro hac vice* to practice before this Court.

3. I make this Declaration in support of the Vangheluwes' motion for a Rule 2004 document production and examination of the debtor, Got News, LLC.

4. I have attempted to comply with LBR 2004-1(a) by coordinating with counsel for the Trustee, whom I understood was agreeable to a 2004 examination and would work with counsel for the Debtor Got News, LLC to obtain potential dates. Follow-up emails were sent my office on July 16, 2020; August 3, 2020, and September 2, 2020. No response to those emails was received.

5. A draft of this motion was also sent to Counsel for the Trustee and Counsel for Got News, LLC on January 4, 2021. Counsel for the Trustee stated he was not taking a position on the Rule 2004 Examination. Counsel for Got News, LLC stated he "does not represent Got News in connection with your request for a Rule 2004 Examination." In response to a request for current contact information to contact the Debtor directly, Counsel for Debtor Got News, LLC stated, "I don't have authority to provide his contact information."

6. I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct to the best of my knowledge.

Executed this 25th day of February, 2021, at Dallas, Texas.


                                              */s/ Andrew B. Sommerman*
                                              Andrew B. Sommerman